### GRANT et al. v. GUERNSEY.
### No. 610.

Circuit Court of Appeals, Tenth Circuit.
Jan. 23, 1933.

Rehearing Denied Feb. 23, 1933.

COTTERAL, Circuit Judge, dissenting.

---

Dallas W. Knapp, of Coffeyville, Kan., and W. C. Ralston, of Topeka, Kan. (Warren B. Grant, of Independence, Kan., Roland Boynton, of Topeka, Kan., Richard L. Becker, of Independence, Kan., and Chas. D. Welch, of Coffeyville, Kan., on the brief), for appellants.

Kirke C. Veeder, of Independence, Kan., and W. D. Jochems, of Wichita, Kan. (John Bertenshaw, of Independence, Kan., on the brief), for appellee.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

LEWIS, Circuit Judge.

The appellee was discharged from custody on his petition for writ of habeas corpus.

The facts disclosed by appellee's petition, the return thereto on an order to show cause by Grant and Lewis, respectively county attorney and sheriff of Montgomery county, Kan., and the hearing had thereon are: In September, 1930, Guernsey was indicted in the United States District Court for Kansas for violations of the National Banking Act, and pleaded guilty. He was sentenced to confinement in the penitentiary for a term of three and a half years, but on account of his age (74 years), poor health, "hard of hearing" and the further fact that he and his wife had turned over all of their property to the benefit of the bank's creditors, the District Judge put him on probation during the term of sentence, requiring the named probation officer to report on his conduct every sixty days. U. S. Code, title 18, §§ 724 and 725 (18 USCA §§ 724, 725).

Thereafter appellant Grant instituted before a justice of the peace in Montgomery county a criminal proceeding charging Guernsey with embezzlement committed prior to his sentence in the federal court, in violation of the state law, and caused him to be taken before the justice for hearing on the charge. Guernsey through his counsel at once protested that he was then under the jurisdiction of the federal court, subject to its orders and that the proceedings before the justice were an interference with that jurisdiction and could not rightly be maintained.

The county attorney opposed, the justice ruled with him, evidence was taken and the justice held Guernsey to appear at the next term of the state District Court, to remain there, answer the charge of embezzlement, not depart without leave and abide by the judgment of that court. Guernsey gave a bail bond with those conditions, was released to his sureties, and then filed petition for the writ.

It is argued here, as it was before the justice of the peace, that the state could acquire and did acquire complete jurisdiction over the person of Guernsey, to hold him, to incarcerate him, if necessary, for the purposes of the trial. Counsel seem to doubt that

the state could have immediately executed a sentence of imprisonment. But why not, if jurisdiction is taken by right? In Ponzi v. Fessenden, 258 U. S. 254, 42 S. Ct. 309, 310, 66 L. Ed. 607, 22 A. L. R. 879, the custody was in an executive officer, and it was held that he could temporarily release his control of a federal prisoner while a state court tried him on a state charge.

There can be no doubt Guernsey was under the jurisdiction of the federal court, subject to its orders under the probation statute at any time; and when the justice of the peace issued his warrant for the arrest of Guernsey and then held him for trial on the state charge and that he abide the judgment of the state court, there was a direct interference with federal jurisdiction, and a violation of the rule of comity between federal and state courts.

In Taylor v. Taintor, 16 Wall. 366, 370, 21 L. Ed. 287, it is said: "Where a State court and a court of the United States may each take jurisdiction, the tribunal which first gets it holds it to the exclusion of the other, until its duty is fully performed and the jurisdiction invoked is exhausted: and this rule applies alike in both civil and criminal cases. It is indeed a principle of universal jurisprudence that where jurisdiction has attached to person or thing, it is—unless there is some provision to the contrary—exclusive in effect until it has wrought its function."

In Ponzi's Case, supra, the court said: "The chief rule which preserves our two systems of courts from actual conflict of jurisdiction is that the court which first takes the subject-matter of the litigation into its control, whether this be person or property, must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose." But it was there held that a statute gave to the Attorney General such control of the convict after he was imprisoned under the sentence as to authorize him to consent to the convict's trial in a state court. No statute is called to our notice, and we know of none, that gives to any officer the right here claimed by counsel representing the state. No application was made to the United States District Judge, and no authority cited holding that he had the power and it was his duty to release control over Guernsey for prosecution in the state court with or without condition that he be released to the federal court after trial in the state court; and

if there be that power whether it is an absolute duty or discretionary, and reviewable on appeal. But those questions are not here on the record. Appellee was prosecuted and held under bail bond by the justice of the peace as by claimed right. The county attorney seems to have convinced him that it was by right of comity. The facts justified the issuance of the writ and appellee's discharge. In Taylor v. Taintor, supra, it was held that the giving of a bail bond did not discharge a prisoner but only as delivering him into the custody of his sureties. Likewise in Mackenzie v. Barrett (C. C. A.) 141 F. 964, 5 Ann. Cas. 551, and Adamy v. Parkhurst (C. C. A.) 61 F.(2d) 517.

The order of discharge is affirmed.

COTTERAL, Circuit Judge (dissenting). The majority opinion ascribes too much importance to the order of probation. It is not of more force than a sentence, on which credit is allowed. If appellee had been serving his sentence, he might, with the consent of the Attorney General, have been tried for another offense. The probation ought not to prevent it. The practice of subjecting prisoners to a second trial is well settled. It does not, as the District Judge appears to have ruled, interfere with the control of the defendant. It would not constitute a breach of any of the conditions of the probation.

It is noted by the majority that there was no application for the privilege of trying the defendant in the state court. In form, it was not made, but there is no reason to hold that the proceeding to bring the defendant to trial for the state offense did not have that effect. Such was not the ground of refusing that trial. If the probation acts are meant to preclude any other trial, they ought to be speedily amended. But no such purpose was intended.

As that trial may be had consistently with the probation in the federal court, it should have been permitted, and to refuse it means only that the evidence touching the state offense may be lost meantime, and the state prosecution frustrated. And if the District Court still insists on retaining constructive control of the defendant, during the probation term, then his sentence in the state court, in case of conviction, would begin at the end of probation. To hold otherwise is to maintain that probation for one offense in the federal court is a complete grant of immunity from all other prosecutions. I cannot assent to any such doctrine.