(No. 24097.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALVIN F. SPEECE, Plaintiff in Error.

*Opinion filed June 16, 1937—Rehearing denied October 13, 1937.*

GRENVILLE BEARDSLEY, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, WILLIAM B. CRAWFORD, JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here to review the refusal of the criminal court of Cook county to set aside a certain judgment of conviction against the plaintiff in error on his motion based on the claim that the court imposing the sentence against him was without jurisdiction for the reason that plaintiff in error was then on probation, under an order of the Federal district court.

The facts are as follows: Plaintiff in error was, on January 18, 1936, arrested on a warrant of the United States district court under the so-called "Dyer act." It does not appear from the record whether he gave bond under this charge in the Federal court, but while the cause was pending against him in that court he was indicted in the criminal court, with others, for larceny of an automobile. On March 19, 1936, he pleaded guilty to the latter charge. On April 21, testimony of witnesses was heard and he was found guilty of larceny of an automobile as charged in count one of the indictment pleaded to. A petition for probation was entered and was continued for the purpose of investigation. On June 11, probation was denied and defendant was sentenced to the penitentiary, as provided in the statute in such case.

On June 5, 1936, plaintiff in error pleaded guilty to the charge against him in the United States district court and was placed on probation for a period of two years. On December 14, 1936, he, on leave granted, filed a petition to vacate the judgment of the criminal court and for leave to withdraw his plea of guilty. The People were given an opportunity to answer this petition and the matter was continued from time to time until January 22, 1937, when

defendant was given leave and filed an amended petition. The People filed a motion to dismiss the petition and amended petition and on January 22 the People's motion was allowed, the petition was dismissed, and the court overruled the motion to vacate the judgment and to withdraw the plea of guilty.

The motion to dismiss Speece's petition is based on the ground that the court had no jurisdiction to entertain the petition to set aside the judgment, as the term of court at which the judgment was entered had expired and plaintiff in error's petition could not be considered in the nature of a writ of error *coram nobis,* as it did not comply with the law pertaining to such procedure, because no new matters appeared in the petition, but all matters set out therein were of knowledge to the parties and to the court at the time of the entry of the judgment. To an allegation of Speece's petition that he pleaded guilty on the promise of the State's attorney to place him on probation, the motion sets out the record of the criminal court showing what took place at the time Speece pleaded guilty and at the entering of sentence. This record not only shows that Speece was warned of the effect of his plea and that the State's attorney insisted on sentence of Speece and his co-defendants, but also fails to disclose any claim on the part of Speece, at that time, that he was to have immunity or probation because of his plea.

While plaintiff in error's petition charges that the criminal court had no jurisdiction to enter the judgment against him, it seeks not only to have that judgment set aside but also to have an order entered setting aside the finding of guilty and to grant him leave to withdraw his plea of guilty. It also prays that the court either dismiss the indictment or place him on probation in compliance with the alleged agreement of the State's attorney so to do. It does not appear whether there were called to the attention of the district court on June 5, when that court placed Speece on proba-

tion, the facts that in the criminal court of Cook county evidence had previously been heard, a formal finding of guilty entered against him, and an application for probation filed which was continued for investigation. Clearly he was within the custody and jurisdiction of the criminal court at that time.

The question whether the imposition of sentence on June 11, after Speece was placed on probation in the district court, was an act beyond the jurisdiction of the criminal court of Cook county, is a question not altogether free from difficulty. It appears from the record that on June 11, after the criminal court had sentenced Speece, his attorney went into the Federal district court and secured his discharge on a writ of *habeas corpus*, on the ground that he was within the jurisdiction of that court. A motion was made to set aside that order and was pending, undisposed of, at the time the record was made up in this case.

Plaintiff in error relies on three cases: *Grant* v. *Guernsey*, 63 Fed. (2d) 163, *Dillingham* v. *United States*, 76 Fed. (2d) 35, and *In re Craig*, (No. 18674 of the United States district court for the southern district, not yet published.) In *Grant* v. *Guernsey, supra*, it appears that after Guernsey had pleaded guilty to an indictment in the district court and had been admitted to probation, a justice of the peace issued a warrant against him charging him with embezzlement prior to his sentence by the Federal court. The latter court, on *habeas corpus*, discharged Guernsey. The circuit court of appeals affirmed that holding on the ground that as Guernsey was under the jurisdiction of the United States district court at the time the warrant was issued and he was held for trial, there was a direct interference with Federal jurisdiction which violated the rule of comity between Federal and State courts. In *Dillingham* v. *United States, supra*, the *Guernsey case* was cited as authority for the statement that a defendant on probation is in the custody of the court issuing the probation

order, and that while he is on probation from the Federal court, criminal proceedings may not be instituted in State courts. Of like effect was the view of the judge in the *Craig case*.

There is no holding by these courts, nor by any other court, so far as we are advised, that a judgment of conviction in a case of this kind, where the court entering such judgment had jurisdiction of the party prior to the entry of an order of probation in the United States district court, is an invalid judgment. Rules governing a conflict of jurisdiction are rules of comity. It seldom occurs that where one court has jurisdiction of a defendant and is disposing of the case against him, another court permits him to enter a plea of guilty to a charge therein, where such second court is advised of the situation. For this reason it would appear, as we have previously herein indicated, that the Federal district court was not advised, at the time of entering an order of probation, that Speece had not only taken a plea of guilty in the State court but had been found, on evidence, to be guilty, and that a petition for probation was pending. It is a general rule of comity that the court first taking jurisdiction retains such jurisdiction, and, in any event, it is not given to a defendant to complain if one sovereignty waives its right to exclusive custody of him.

In *Ponzi* v. *Fessenden,* 258 U. S. 255, 66 L. ed. 607, it was held that the fact that a defendant under an indictment is in prison serving a sentence for another crime, gives him no immunity from a second prosecution. In *Rigor* v. *State,* 101 Md. 465, 61 Atl. 631, the same rule was announced, and it was held that sentence second imposed could be made to commence when the first terminated. To the same effect are *Thomas* v. *People,* 67 N. Y. 218; *Ex parte Ryan,* 10 Nev. 261.

The release of Speece by the district court on *habeas corpus* did not and could not have the effect of vacating the judgment of the criminal court. There is nothing in

the record to show that that judgment is void or erroneous. There is no bill of exceptions showing that the court erred in finding Speece guilty and in entering judgment against him. Whether the criminal court erred in entering that judgment is, therefore, not open for review here under the assignments of error which raise only the question of the jurisdiction of the criminal court in entering judgment against Speece. Whether Speece can be incarcerated under the judgment entered in the criminal court before the expiration of the term of his probation in the district court, or that court waives jurisdiction of him, is not before us. The question presented on this record is the validity of the judgment against him. The Federal district court took custody of Speece subsequent to the judgment of the criminal court but before sentence and issuance of *mittimus*. At the time of that judgment Speece was in the custody and under the jurisdiction of the criminal court. An application had been made for his release on probation. Under section 2 of the act commonly called the "Probation Act," (Ill. Rev. Stat. 1937, chap. 38, par. 785,) judgment is entered against a defendant prior to probation proceedings. The language of the act, in so far as material here, is as follows: "Any defendant not previously convicted of a crime greater than a misdemeanor, petit larceny excepted, who has entered a plea of guilty or has been found guilty by the verdict of a jury or by the finding of a court, of [reciting various offenses] may, in the discretion of the judge hearing the case, after entry of judgment, and nothing remains to be done by the court except pronounce sentence, be admitted to probation according to the provisions of this act."

The judgment of the criminal court is valid and is affirmed.

*Judgment affirmed.*