### UNITED STATES ex rel. SPEECE v. TOMAN, Sheriff.

District Court, N. D. Illinois, E. D. April 18, 1938.

Michael L. Igoe, of Chicago, Ill., for the United States.

Walker Butler, of Chicago, Ill., for Alvin F. Speece.

Thomas J. Courtney, State's Atty., and William B. Crawford, Asst. State's Atty., both of Chicago, Ill., for respondent.

WILKERSON, District Judge.

This matter comes up on the petition of the state's attorney of Cook county to vacate the order of discharge entered herein, and to amend the order of probation in cause No. 29505, so as to make the period of probation terminate at once.

Relator was indicted in the federal court on January 15, 1936, and gave bail. Later, on March 18th, he was indicted in the criminal court of Cook county, and on the next day, March 19th, he pleaded guilty in that court. He concedes in his answer to the state's attorney's petition that he pleaded guilty pursuant to some agreement with the state's attorney concerning the amount of punishment. On April 21st the state court found him guilty and continued his motion for probation until June 11, 1936.

On May 28, 1936, after the plea and finding of guilt in the state court, but before the date to which disposition of the state court case has been continued, he pleaded guilty in the federal court and moved for probation. The federal court continued disposition of the application, pending an investigation. On June 5th, the federal court imposed sentence of a year and a day in the custody of the Attorney General, but suspended sentence and placed relator on probation for two years.

The state court on June 11, 1936, denied probation, sentenced relator to imprisonment, and remanded him to the custody of the sheriff. Thereupon relator filed a petition for a writ of habeas corpus in this court, giving notice to the sheriff. This court issued the writ, and, after hearing held on the return day of the writ, ordered that relator be discharged from the custody of the sheriff.

A few days later the state's attorney of Cook county filed a petition to vacate the order of discharge, and the relator answered. Relator in his original petition for the writ of habeas corpus and in his answer to the state's attorney's petition averred that the federal court had jurisdiction over him from January 18, 1936, and that the federal court had never surrendered jurisdiction, but had specifically reserved jurisdiction by the probation order; that the federal court had never given permission to the state court to institute or continue its proceedings, and that the criminal court of Cook county was without jurisdiction of the person of relator; that when he was admitted to probation by the federal court he was under a duty to complain to that court when he was being prevented from complying with the conditions of his probation.

While the matter was pending in this court, relator instituted proceedings in the state court to set aside the state court judgment on the ground that the sentence was imposed without jurisdiction of relator because of the federal proceedings. Disposition of the issues in the federal court was deferred pending final determination of the state court proceeding.

The criminal court of Cook county denied relator's motion. The Supreme Court of Illinois affirmed the judgment, People v. Speece, 367 Ill. 76, 10 N.E.2d 379, and the Supreme Court of the United States denied an appeal, 58 S.Ct. 410, 82 L.Ed. ——. The Supreme Court of Illinois in its opinion in the case of People v. Speece, 367 Ill. 76, 80, 10 N.E.2d 379, 381, said: "The assignments of error * * * raise only the question of the jurisdiction of the criminal court in entering judgment against Speece. Whether Speece can be incarcerated under the judgment entered in the criminal court before the expiration of the term of his probation in the district court, or that court waives jurisdiction of him, is not before us. The question presented on this record is the validity of the judgment against him. * * * The judgment of the criminal court is valid and is affirmed."

Now that the Supreme Court has finally decided against relator, the state's attorney has called up his motion to vacate the order of discharge and has moved to amend the order of probation so that the two-year period of probation which would otherwise

end on June 5, 1938, shall terminate immediately.

The United States attorney has now entered the habeas corpus proceedings and has filed a memorandum in which he cites authorities for the proposition "that where a federal probationer is proceeded against in a state court, without authority of the federal court of his probation, there is a direct interference with federal jurisdiction," citing Grant v. Guernsey, 10 Cir., 63 F.2d 163; Dillingham v. United States, 5 Cir., 76 F.2d 35; In re Craig,[1] U. S. District Court, Southern District of Illinois.

That was the theory upon which this court issued the writ of habeas corpus, namely, that while the relator was in custody under the probation order of this court, the state court could not take him out of that custody without the consent of the federal court. The discharge in the habeas corpus proceeding reflected merely the court's opinion on the question of the then rightful custody of the relator. The court is still of the opinion that the state court mittimus could not take the relator out of the custody of the federal court under that court's probation order. The petition to vacate the order of discharge must therefore be denied.

In litigation between the relator and the state, however, it has been decided that the state court judgment is valid. Since the state by its petition has averred that it wants this relator on its judgment, now that he has had an opportunity to obtain an adjudication as to its validity, it seems to me that this court should not stand in the way. Relator has been on probation a little short of the two years provided by the order of probation. If, as the reports indicate, his conduct has been exemplary, such fact can be brought to the attention of the parole authorities of the state of Illinois.

To paraphrase language used in Ponzi v. Fessenden, 258 U.S. 254, 264, 42 S.Ct. 309, 312, 66 L.Ed. 607, 22 A.L.R. 879, the probation order should not now be used as a sanctuary or as a means of conferring immunity from the laws of the state of Illinois.

On the motion of the state's attorney to amend the order of probation, an order will be entered in cause 29505 that Speece surrender to the marshal of this district in the United States courthouse at Chicago, Ill., at 10 o'clock in the morning of May 5, 1938, and the marshal of this district is thereupon directed to deliver said Speece to the sheriff of Cook county on said mittimus of the criminal court of Cook county in indictment No. 36—0365 entitled People of State of Illinois v. Alvin F. Speece, et al.; and the order of probation heretofore entered in said cause 29505 in this court is hereby amended to expire on May 5, 1938, after the delivery of said Speece to the sheriff of Cook county has been made by the marshal.

---

*Order affirmed C. I. T. Corporation v. Himes, 98 F.2d 589.

[1] No opinion for publication.