(No. 28319.—

THE PEOPLE *ex rel.* James McCarthy, Petitioner, *vs.* JOSEPH E. RAGEN, Warden, Respondent.

*Opinion filed January 17, 1945.*

JAY J. McCARTHY, of Chicago, for petitioner.

GEORGE F. BARRETT, Attorney General, (WILLIAM C. WINES, of Chicago, of counsel,) for respondent.

Mr. JUSTICE MURPHY delivered the opinion of the court:

At the September term of this court, leave was granted to James M. McCarthy to file an original petition for a writ of *habeas corpus*. He charged that he was unlawfully detained in the Illinois State Penitentiary. The answer of the respondent, which consists principally of court records, presents quite a different case from that set forth in the sworn petition.

The alleged unlawful detention in prison arises out of the fact that petitioner was convicted in the Federal court of a crime against the laws of the United States at about the same time he was convicted in the criminal court of Cook county for a crime against the laws of the State of Illinois. The facts, as disclosed by respondent's answer, are that on June 14, 1934, petitioner, then in the custody of Federal authorities, was convicted in the district court of the United States for the northern district of Illinois, eastern division, on two counts, each of which charged that petitioner had intimidated government witnesses. On June 4, 1934, an indictment was returned in the criminal court of Cook county which charged petitioner with the crime of assault with intent to murder. He was represented by counsel and, after being duly arraigned, was tried before a jury and found guilty as charged in the indictment. The trial in the criminal court was concluded July 17.

Petitioner was first in the custody of the officers of the Federal jurisdiction and it does not appear who had custody of him when he appeared before the State court. Petitioner alleges that the Federal district court committed him to the county jail of Cook county to serve one year and that, while detained in such prison, he was forcibly and surreptitiously taken from the jail to the criminal court where he was tried. There is nothing to support such allegation and, in fact, the record evidence contained in respondent's answer negatives the allegation that petitioner was taken from the Federal agents by force or trickery. The record of the State court conviction is set forth at length and it does not appear that petitioner made any protest to that court that he was subject to another jurisdiction and had been brought there by force or cunning device.

After petitioner was found guilty in the State court on July 17, the court withheld the entry of a judgment on the verdict until the following day. In the meantime, petitioner's counsel and the State's Attorney stipulated the fact of petitioner's conviction in the Federal district court on June 14 and that on one charge he had been sentenced to Leavenworth penitentiary for one year and fined $1000 and on the other count he was sentenced to the same prison for six years and to pay a fine of $5000. The criminal court, in entering judgment of commitment, recited the facts contained in the stipulation and ordered petitioner committed to the Illinois State Penitentiary for the term fixed by statute for the offense of assault with intent to murder, and ordered the period of imprisonment to begin at the expiration of the sentence fixed by the judgment of the Federal court. Petitioner served the sentence imposed by the Federal jurisdiction and was then surrendered to the State authorities and taken to the Illinois State Penitentiary on September 29, 1939, where he has since been detained.

In June, 1934, petitioner stood charged with having violated the laws of two sovereignties. He had the right to a fair trial, according to the law of the sovereignty he was alleged to have violated, but he could not use the charge in one jurisdiction to prevent his trial on the charge in the other jurisdiction. (*Ponzi* v. *Fessenden*, 258 U. S. 254, 66 L. ed. 607.) The law provides a means by which a sovereign, who has in its jurisdiction one who has been convicted of violating its laws, may deliver such convicted person to the court of a different jurisdiction for trial, without losing its right to have him returned to serve his sentence. (*Ponzi* v. *Fessenden*, 258 U. S. 254, 66 L. ed. 607.) The record in this case does not show who, if anyone, representing the United States, consented that petitioner might be taken to the criminal court for trial, but even though he was taken there without previous consent, it is not a matter which affects the jurisdiction of the criminal court to try him on the indictment pending there. *People* v. *Speece*, 367 Ill. 76; *People* v. *Berardi*, 332 Ill. 295.

It is contended the criminal court had no jurisdiction to fix the time of service of the penalty imposed by it to begin at the expiration of the Federal sentence and, for that reason, the judgment is void. In *People* v. *Speece*, 367 Ill. 76, the case of *Rigor* v. *State*, 101 Md. 465, 61 Atl. 631, was cited in support of the rule that a second sentence imposed could be made to commence when the first terminated. In the *Rigor case*, it was said that when a defendant is already in execution on a former sentence, sentence of imprisonment may be given against him to commence from the expiration of the term of imprisonment which he is at the time serving. In 15 American Jurisprudence, section 470, p. 126, it is said: "There is no doubt that a court may imposed a sentence to commence upon the termination of another sentence imposed by another court unless a statute prohibits it."

Petitioner alleged that the Federal district court sentenced him on the first count to serve one year in the county jail and to pay a fine of $1000 and, on the second count, to serve six years in the penitentiary, and that while he was confined in the county jail under the order of commitment on the first count, the *mittimus* was changed to read seven years instead of the original sentence of six years, and that this deprived him of certain constitutional rights. The record incorporated into respondent's answer refutes such allegation.

For the reasons assigned, the petitioner is remanded to the custody of the respondent.

*Petitioner remanded.*