## PEOPLE OF STATE OF ILLINOIS ex rel. DAVIDSON v. BENNETT, Warden, et al.

### No. 8773.

Circuit Court of Appeals, Seventh Circuit.

Jan. 29, 1946.

Charles Liebman, of Chicago, Ill., and Walter Davidson, of Pontiac, Ill., for appellant.

George F. Barrett, Atty. Gen., of Illinois, and William C. Wines, Asst. Atty. Gen., of Illinois, for appellee.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

EVANS, Circuit Judge.

Walter Davidson is serving a sentence in the Illinois State Penitentiary, Pontiac Branch. He seeks a discharge through the much used and much abused habeas corpus proceedings. His application is largely factual in character. The defense is a legal one.

We herewith present his story.

Walter Davidson, when 19 years of age, was duly convicted of burglary in the Cook County Criminal Court, and was sentenced, October 5, 1918, to serve a term of one to twenty years. In Illinois legal parlance, this was called a twenty year term. By statute passed in 1872 by the Illinois Legislature, Laws 1871-72, p. 294, and in force when Davidson was tried and the judgment here involved was pronounced, a sentence of twenty years was shortened by good behavior as follows:

"That every convict who is now or who may hereafter be confined in the Illinois Penitentiary, and who shall have no infraction of the rules or regulations of the penitentiary or laws of the state recorded against him, and who performs in a faithful manner the duties assigned to him, in an orderly and peaceable manner, shall be entitled to the diminution of time from his sentence as appears in the following table, for the respective years of his sentence, and pro rata for any part of a year where the sentence is for more or less than a year:

| No. of years of sentence | Time to be served if full time is made. |
| --- | --- |
| *   *   * | |
| 20th year | 11 years and 3 months" * |

Davidson was granted an out of state banishment parole on May 1, 1920 by the authorized Illinois state officials. In October of that year he was arrested in Buffalo but Illinois refused to apprehend him as a parole violator. On December 1, 1930, he was convicted of a felony in the State of Ohio. The Ohio prison authorities informed him in May, 1937, that he was declared a parole violator in Illinois, and he was returned to the Illinois penitentiary, October 18, 1937. In July, 1943, he was released by an Illinois court (but immediately reimprisoned) because incarcerated in a penitentiary whereas his mittimus directed that he be placed in a reformatory.

He has made numerous applications for writs of habeas corpus to state inferior courts, to the Illinois Supreme Court, and to the Federal District Court. In the instant appeal to the U. S. District Court, Attorney Charles Liebman was appointed to represent him on appeal and we are indebted to him for a helpful presentation of petitioner's case.

Petitioner's argument for reversal of the judgment dismissing his petition may be briefly stated, thus: The law of Illinois governs the duration of sentence. Illinois law is evidenced by the Act of July 1, 1872, Smith-Hurd Ill.Rev.Stat.1923, c. 108, § 45, Cahill's Revised Statutes 1923, Chapt. 108, Par. 61, which was in force when he was sentenced. Under that statute a twenty year sentence expired, through good behavior time allowance in 11 years and three months. Petitioner served more than this period before he violated his parole and his sentence was at an end. He could therefore not be again imprisoned on a sentence which had expired.

In other words, counting the time petitioner served in the penitentiary and the time which elapsed after his parole and before he violated said parole, there were accumulated 12 years, one month, and 22 days, which exceeded the eleven years, three months, the maximum of the sentence under the '72 statute.

Another contention made by him is that he did not lose all credit earned through good behavior by violating his parole and he has served his term and his sentence is over on any theory of computation the state may adopt.

Respondents' chief defense is that petitioner has not exhausted his state court remedies inasmuch as he has not sought certiorari from the United States Supreme Court from any of the lower Illinois courts' decisions denying his petitions for habeas corpus. They also dispute petitioner's contention as to the proper computations of credit for good behavior and deny that the sentence is ended.

The facts stated by petitioner raise questions which involve the effect and construction of Illinois statutes. They are, however, not solvable by us.

---

* See Smith-Hurd Ill.Rev.Stat.1923, c. 108, § 45, Cahill Ill.Rev.Statutes 1923, chap. 108, Sec. 61.

The sentence in the criminal case was pronounced by an Illinois state court. The instant petition was presented to a Federal District Court and comes to us on appeal from a decision of this District Court. It is clear we have no jurisdiction, on this appeal, if the District Court was without jurisdiction.

The law, as announced by the Court in White v. Ragen, 324 U.S. 760, 764, 65 S. Ct. 978, settles the question of the District Court's jurisdiction, and adversely to petitioner. Under this decision it is clear, so we think, that due to failure of petitioner to exhaust his remedies, the Federal District Court is powerless to grant relief.

The procedure which he must take in Illinois to enable him to invoke the jurisdiction of the Federal District Court is to apply to the circuit or criminal court for writ of habeas corpus. If this application is there denied, apply to the United States Supreme Court for a writ of certiorari directed to said Illinois circuit (or trial) court. If no relief is obtainable in the Supreme Court, individuals in petitioner's situation are without relief save as in the exceptional case provided for by the decision of the court in Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572.

The Court, in the White case [324 U.S. 760, 65 S.Ct. 981], said:

"The availability of such a remedy in the federal District Court, turning as it does on the exhaustion of state corrective processes, see Mooney v. Holohan, supra [294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406]; Ex parte Hawk, supra, 321 U.S. 116, 117, 64 S.Ct. 449, 450, 88 L. Ed. 572, may also depend upon an application to this Court to review the decision of the state court, and upon the disposition of such an application here. Where the highest state court in which a decision could be had considers and adjudicates the merits of a petition for habeas corpus, state remedies, including appellate review, are not exhausted so as to permit the filing of a petition for habeas corpus in a federal District Court, unless the federal question involved is presented to this Court on certiorari or appeal from the state court decision. Ex parte Hawk, supra, 321 U.S. 116, 117, 64 S.Ct. 449, 88 L.Ed. 572.

"If this Court denies certiorari after a state court decision on the merits, or if it reviews the case on the merits, a federal District Court will not usually re-examine on habeas corpus the questions thus adjudicated. Ex parte Hawk, supra, 321 U.S. 114, 118, 64 S.Ct. 450, 88 L.Ed. 572. But where the decision of the state court is that the remedy of habeas corpus is not available under the state practice, or its decision is based upon some other adequate non-federal ground, it is unnecessary for the petitioner to ask this Court for certiorari in order to exhaust his state remedies, since we would lack jurisdiction to review the decision of the state court; and the denial of certiorari by this Court would not preclude a District Court from inquiring into the federal question presented to, but not considered by, the state court."

The jurisdiction of the Illinois Supreme Court in habeas corpus matters is somewhat unique. It is quite different from that of the Supreme Courts of many, if not most other states. This is pointed out by the Supreme Court in White v. Ragen, supra. The proper practice stated in White v. Ragen applies to Illinois only, unless it appears that the jurisdiction of the Supreme Court of the other state or states is similar to that of the Supreme Court of Illinois in habeas corpus proceedings.

The petitioner, however, is one seeking relief in Illinois, and his procedure is that defined by the Court in the case of White v. Ragen. In other words, his remedy is to apply to the trial court of Illinois and if denied relief there, apply to the United States Supreme Court for certiorari. Until this is done, the United States District Court is without authority to grant relief, even though it is alleged one of petitioner's rights granted by the U. S. Constitution is denied.

District Judge Lindley so held in the District Court, and his decision must be and is hereby affirmed.