**UNITED STATES ex rel. McCARTHY v. RAGEN, Warden.**

No. 8944.

Circuit Court of Appeals, Seventh Circuit.

Feb. 20, 1946.

Jay J. McCarthy, of Chicago, Ill., for appellant.

George F. Barrett and Wm. C. Wines, both of Chicago, Ill., for appellee.

Before EVANS, SPARKS and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

The court below, on July 24, 1945, on respondent's motion dismissed petitioner's petition for writ of habeas corpus. From such order of dismissal the appeal comes to this court. The order appealed from does not state the reason for the court's action but it is readily apparent that it was for want of jurisdiction because of petitioner's failure to show an exhaustion of state court remedies.

Petitioner is serving a sentence in an Illinois penitentiary, imposed by the Criminal Court of Cook County. In short, it is alleged that the sentence was illegal because at the time it was imposed petitioner was in the custody of the authorities of the United States, and that jurisdiction was taken by the state court without the permission or consent of the United States officials.

Petitioner alleges that a petition for writ of habeas corpus was filed in the Circuit Court of Will County, Ill. (county of petitioner's commitment) which was heard by that court and denied. (The date of this proceeding is not alleged.) No application was made to the United States Supreme Court for certiorari. It is also alleged that subsequent to denial by the Circuit Court of Will County a similar petition was filed in the Criminal Court of Cook County (court imposing petitioner's sentence). This petition, as alleged, was on petitioner's motion withdrawn. The order of the court permitting such withdrawal was entered December 9, 1943.

In September, 1944, leave was granted petitioner by the Illinois Supreme Court to file an original petition for writ of habeas corpus. The respondent in that proceeding (same respondent in the instant proceeding) answered the petition. That court decided the issues adversely to petitioner's contentions and dismissed the petition. People ex rel. McCarthy v. Ragen, Warden, 389 Ill. 172, 58 N.E.2d 872. The facts as recited by that court and the contentions advanced by the petitioner are substantially the same, if not identical, with the facts of the instant case and the contentions here made. Again, petitioner made no application to the United States Supreme Court for certiorari on account of this adverse decision.

We think without doubt that under White v. Ragen, 324 U.S. 760, 65 S.Ct. 978 (and cases therein cited), petitioner has failed to exhaust his state court remedies and that a federal court is without jurisdiction.

The order appealed from is

Affirmed.