**UNITED STATES ex rel. GORDON v.
RAGEN.**

**No. 9036.**

Circuit Court of Appeals, Seventh Circuit.

Nov. 5, 1946.

Henry L. Balaban, of Chicago, Ill., for appellant.

George F. Barrett and Wm. C. Wines, both of Chicago, Ill., for appellee.

Before SPARKS, and MAJOR, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

While relator-appellant was serving a sentence at the Illinois State Farm at Vandalia a jail break occurred at that institution. He was subsequently tried in Fayette County and convicted for participation therein, and is now serving an indeterminate sentence in the Illinois State Penitentiary as the result of such conviction. The present habeas corpus petition was filed in the District Court on April 10, 1945, alleging that relator had been denied due process of law in his trial in Fayette County by being deprived of his right to counsel and by being deprived of the attendance of certain witnesses. He also alleges that the statute creating the offense for which he was indicted, Ill.Rev.Stat. 1945, Chapter 118, Par. 18, is unconstitutional. The District Court accorded him a hearing on the merits, found the facts contrary to relator's contention, and quashed the writ.

Prior to the present petition, relator filed a petition for habeas corpus in the Fayette County Circuit Court which was denied, a similar petition in the Illinois Supreme Court which was denied, a proceeding in the nature of coram nobis in the Fayette County Circuit Court which was denied, a petition for writ of habeas corpus in the District Court of the Southern District of Illinois, a similar petition in the District Court for the Northern District of Illinois (not the one presently before us) both of which were denied. He also sought a review of his conviction in the Fayette County Circuit Court by writ of error to the Supreme Court of Illinois which was dismissed. He has never applied to the Supreme Court of the United States for certiorari to the Circuit Court which denied his petition for habeas corpus and has never appealed to the Supreme Court of Illinois from the adverse ruling in his coram nobis proceeding.

At the hearing in the District Court, counsel for relator conceded the constitutionality of the statute upon which the conviction rested. The Act was sustained by the Supreme Court of Illinois in People v. Callicott, 322 Ill. 390, 153 N.E. 688.

The situation thus presented is similar to numerous cases that have been before the courts and on authority of White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348; People ex rel. Davidson v. Bennett, 7 Cir., 153 F.2d 271; United States ex rel. McCarthy v. Ragen, 7 Cir., 153 F.2d 609; and other cases, we hold the Federal Court without jurisdiction to entertain relator's petition.

Judgment affirmed.