## UNITED STATES v. ROBINSON.
### Criminal No. 4683.

District Court, W. D. Arkansas,
Fort Smith Division.

Nov. 26, 1947.

R. S. Wilson, U. S. Atty., and David R. Boatright, Asst. U. S. Atty., both of Fort Smith, Ark., for plaintiff.

J. Clib Barton, of Fort Smith, Ark., for defendant.

JOHN E. MILLER, District Judge.

On May 20, 1947, the defendant was being held in jail at Fort Smith, Arkansas, being unable to make bond upon the charge of transporting in Interstate Commerce a stolen motor vehicle from Kansas City, Missouri, to Waldron, Arkansas, knowing at the time that the said automobile had been stolen. He was brought before the court and advised of the nature of the charge and his right, if he so desired, to waive prosecution upon indictment. In open court he waived his right to prosecution upon an indictment and consented that the charge might be presented by information. Accordingly the United States Attorney filed an information and furnished him with a copy thereof, in which information it was charged that on or about the 24th day of January, 1947, the defendant had transported in Interstate Commerce a stolen motor vehicle, the property of Paul M. Thompson, from Kansas City, Missouri, to Waldron, Arkansas, and at the time of said transportation the defendant knew the automobile to have been stolen. On the

same date the defendant being without counsel and being fully advised of his right to counsel to represent him and that the court would appoint counsel to represent him, if he so desired, stated that he did not desire the assistance of counsel and waived the appointment of counsel for him by the court. Also, after being fully advised of the consequences of a plea of guilty or a conviction on the charge contained in the information, the defendant entered a plea of guilty and was duly sentenced to a term of three years in prison.

The same procedure was followed in Criminal Case No. 4684 in which the defendant was charged with transporting in Interstate Commerce, from Kansas City Missouri, to Waldron, Arkansas, a forged bill of sale for a certain automobile, knowing that the automobile had been stolen and that the bill of sale was forged. Upon a plea of guilty to the charge in that case the defendant was sentenced for three years to run concurrently with the sentence of three years adjudged by the court in Criminal Case No. 4683. On August 9, 1947, the defendant filed a motion to vacate the judgment in both cases and alleged that he is entitled to discharge from the custody of the Warden of the United States Penitentiary at Leavenworth, Kansas, because the court in sentencing him to imprisonment was without jurisdiction, in that the court did not have exclusive jurisdiction of the person of the defendant.

As a part of the motion the defendant included what he designates as a brief in which he contends that because of the fact that he was on parole from Attica State Prison, Attica, New York, where he had been confined upon a judgment of a court of the state of New York finding him guilty of an offense against the laws of the state of New York, that the state court of New York had jurisdiction of the defendant and that this court did not have such jurisdiction as would authorize it to sentence the defendant to prison; that the state court of New York State had not completed its lawful process because a warrant of detainer had been placed in the hands of the United States Marshall at Fort Smith, Arkansas, at the time the sentence was imposed upon the defendant by this court.

He further contends that this court should have directed that any sentence imposed be served concurrently with the sentence that had been imposed by the state court in New York State and that the only imprisonment that could be rightfully imposed upon the defendant was for such time as the time fixed by this court exceeded the remainder of the sentence which might be required to be served by the state court of New York because of the violation of the parole issued to him by the prison authorities of New York State. The defendant further alleged that prior to his plea of guilty he advised the United States Attorney by letter that he was on parole from a prison in the state of New York and for that reason this court did not have jurisdiction.

The defendant waived his right to appear in court in person for a hearing of the motion and requested that an attorney be appointed to represent him in this proceeding.

On September 8, 1942, the court appointed Honorable John Brizzolara, a reputable member of the bar of this court, to represent the defendant and he at once entered upon his duties. On October 30, 1947, the defendant wrote Mr. Brizzolara requesting him to ask the court to assign another lawyer to present the motion, and accordingly on November 5, following the request of the defendant, Mr. J. Clib Barton, a reputable member of the bar of this court and a member of the firm of Hardin, Barton & Shaw of Fort Smith, Arkansas, was appointed.

Mr. Barton has ably discharged the duty devolving upon him under such appointment and has presented to the court the contentions of the defendant and has supplied the court with citations of authority which he has argued support the contentions of the defendant.

Among the many authorities cited by the attorney for the defendant are: Grant et al. v. Guernsey, 10 Cir., 63 F.2d 163; Zerbst, Warden v. McPike, 5 Cir., 97 F.2d 253; Rohr v. Hudspeth, Warden, 10 Cir., 105 F.2d 747; Lunsford v. Hudspeth, Warden, 10 Cir., 126 F.2d 653; and Stamphill v. Johnston, 9 Cir., 136 F.2d 291. These

authorities have been examined and the contentions of the defendant, as made in his motion and as presented by his attorney, have been carefully considered, but all of them are without merit and cannot be sustained. The decisions above referred to are distinguishable upon the facts. The court does not feel that a discussion of each case cited by the defendant is justified in view of the facts, as reflected by the record before the court.

Assuming without deciding the question, the court has treated the procedure adopted by the defendant as proper to test the validity of the sentences of which he complains.

■ The Federal and State governments exist as separate sovereignties, each exercising jurisdiction over its particular fields, and the jurisdiction of one ordinarily may not be interfered with by the other. A person may perform acts which will subject him to criminal prosecution in one or the other of these sovereignties or in both. In this case the defendant, by his acts, subjected himself to punishment by New York State, and later, by subsequent and unrelated acts, subjected himself to punishment by the Federal Government.

■ The United States District Court is given original jurisdiction in the case of criminal offenses committed against the Federal Government. 28 U.S.C.A. § 41(2). It obviously cannot occupy the position of a court of secondary jurisdiction to a state court in regard to a federal crime. Of course, it may be that, as heretofore mentioned, the same acts constitute a crime in both sovereignties. In such cases the one assuming jurisdiction first normally retains it until it has completed its process. United States v. Marrin, D.C. Pa., 227 F. 314; Ponzi v. Fessenden et al., 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879. But this principle is not absolute and is stated as follows in Morse v. United States, 267 U.S. 80, 45 S.Ct. 209, 69 L.Ed. 522:

"The principle that when the jurisdiction of a court has attached, it must be respected as exclusive until exhausted, is a rule of comity, having a wide application in civil cases but a limited one in criminal cases."

Also, it is now settled beyond dispute that this priority may be waived. In United States v. Marrin, supra, the defendant was tried and sentenced in the Federal District Court of Pennsylvania, and pending an appeal was released on bond. During this period he was arrested and tried by a New York State Court. Both the United States authorities and the bail refused to interfere, or at least stood by and did not interpose in the proceedings. The defendant served seven years of his fifteen-twenty year sentence and was placed on parole. Upon his release he was arrested by the United States authorities and subjected to service of the sentence given him by the Federal Court. The defendant contended that he was still under the custody of the state of New York and could not be removed therefrom. The court held that the principle invoked was one of comity between the two governments and not one of right in the defendant, and if there be any objection to the procedure followed it must be made by New York and not by the defendant. See also: United States ex rel. Demarois v. Farrell, United States Marshal, 8 Cir., 87 F.2d 957; Cato v. Smith, Warden, 9 Cir., 104 F.2d 885; United States ex rel. Lombardo v. McDonnell, 7 Cir., 153 F.2d 919; and Powell v. Sanford, 5 Cir., 156 F.2d 355. The leading United States Supreme Court case on this point is Ponzi v. Fessenden et al., supra. Therein it is stated [258 U.S. 254, 42 S.Ct. 310]:

"One accused of crime has a right to a full and fair trial according to the law of the government whose sovereignty he is alleged to have offended, but he has no more than that. He should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial. He may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it."

In this case the State of New York has not attempted to invoke the principles of comity above set out, and has entered no objection to the trial of the defendant by this court.

■ Admittedly the defendant has violated a federal law, and was duly before the court when tried and sentenced. He was not deprived of any of his constitutional rights, but was accorded the rights and privileges granted every individual brought before this court and therefore cannot now be heard to complain.

As stated above the New York State authorities entered no objection to the proceedings here although informed thereof, and have acquiesed therein by placing a detainer on the defendant so that they may have him delivered to them on the completion of his sentence in the Federal Prison for service of the remainder of the sentence in New York because of the violation of the terms of his parole.

In United States ex rel. Lombardo v. McDonnell, supra, the court said [153 F.2d 920]:

"While it may be true that when Lombardo was released on parole from the Illinois State Penitentiary he was theoretically a prisoner of the State, yet where a prisoner is on parole from one of two sovereigns, it is for the sovereign granting the parole, and not the prisoner, to determine priority of jurisdiction over him in connection with such parole, * * * and the fact that he is subject to the terms of a State parole does not exempt him from being taken by the federal government *where no objection is made by the paroling State."* (Italics added.)

■ Therefore, any right to object to the jurisdiction of this court in the instant case was lodged with the State of New York and not with the defendant, and that State has acquiesced in the action of this court by recognizing the proceedings and by filing its warrant of detainer.

■ The contention that this court should have ordered his sentence to be served concurrently with the New York State sentence and only the excess be served in the Federal Prison is likewise without merit.

Defendant has violated the laws of two separate and distinct sovereigns. Each may punish him to the fullest extent of its laws and may or may not take into consideration that he is being punished by the other. An analogy may be drawn to the case of Voorhees v. Cox, 8 Cir., 140 F.2d 132. In that case the defendant was convicted, sentenced and committed to prison. Due to good behavior he was released 480 days prior to the end of the sentence. Within this period he committed another crime and was arrested, tried and sentenced therefor. The authorities were subjecting him to service of the remainder of the first sentence after the completion of the second. The court, in passing on his contention that the remainder of the first sentence must have been served concurrently with the second, stated that by his own conduct he had forfeited the privileges granted him by parole and since he was no longer in either actual or constructive custody under the first sentence, service under the second sentence cannot be credited to the first without doing violence to the plain intent of the parole system. Admittedly the Voorhees case presents a different factual situation but the principle involved is similar. See also: Zerbst, Warden v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 116 A.L.R. 808.

■ In defendant's brief a reference is made to the full faith and credit clause of the Federal Constitution, Art. 4, § 1. That clause requires that the same faith and credit be elsewhere given to a judgment of the courts of any state as would be received by it in the courts of that state. The validity of the New York proceedings are not here under attack, and the facts of the instant case do not bring it within the purview of that provision of the constitution. The full faith and credit clause has no application to a case such as this.

Therefore, an order is being entered today denying the motion of the defendant and he is allowed an exception.