### UNITED STATES v. MIERZANKA.
### Cr. No. 5208.

United States District Court
W. D. Michigan, S. D.
June 28, 1949.

Joseph F. Deeb, United States Attorney, Grand Rapids, Mich., for the United States.

Stanley C. Mierzanka appeared in pro. per.

STARR, District Judge.

On May 7, 1947, defendant Mierzanka, alias Stanley Mason, alias Stanley Milanowski, alias Charles Stanley Leonard, alias Charles Levandowski, alias Stanley Leonard Walter alias John Miezauka, was indicted in this court by a grand jury, the in-

dictment charging violation of the National Motor Vehicle Theft Act 18 United States Code, § 408 [Revised Criminal Code, 18 U.S.C.A. §§ 2311-2313]. Upon his arrest, arraignment, and plea of guilty, he was sentenced on November 13, 1947, to a term of four years and is now confined in the United States penitentiary at Leavenworth, Kansas.

On March 2, 1949, Mierzanka filed application in this court for a writ of error *coram nobis,* alleging in substance that this court had no jurisdiction or authority to enter a judgment of conviction and impose sentence upon him, because he was under the prior jurisdiction and control of the State of Michigan by virtue of a warrant dated April 22, 1946, for his arrest for an offense under the State law. He asked that the judgment of conviction and the sentence of imprisonment be vacated and set aside.

■ The writ of error *coram nobis* has been abolished, Rule 60(b), as amended, of the Rules of Civil Procedure for District Courts, 28 U.S.C.A. However, as defendant filed his application *in propria persona* and without the benefit of counsel, the court will consider his application as a motion to vacate judgment and sentence.

It appears that a warrant had been issued April 22, 1946, for defendant's arrest for an offense under the laws of the State of Michigan. The question presented is whether or not, by the mere issuance of a warrant, the State of Michigan obtained prior jurisdiction of defendant.

■ The law is established in both civil and criminal cases that where a State court and a court of the United States may each take jurisdiction, the court which first takes jurisdiction holds it to the exclusion of the other. Taylor v. Taintor, 16 Wall 366, 370, 83 U.S. 366, 370, 21 L.Ed. 287; Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879; Grant v. Guernsey, 10 Cir., 63 F.2d 163, certiorari denied 289 U.S. 744, 53 S.Ct. 688, 77 L.Ed. 1491. In 14 Am.Jur. § 243, pages 435, 436, it is stated: "It is a familiar principle that when a court of competent jurisdiction acquires jurisdiction of the subject matter of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of, and that no court of co-ordinate authority is at liberty to interfere with its action. This doctrine is applicable to civil cases, to criminal prosecutions, and to courts-martial."

■ It is clear that the State of Michigan did not obtain prior jurisdiction over defendant Mierzanka by the mere issuance of the warrant on April 22, 1946.

"Any writ is process, the two terms being interchangeable. Process includes warrants for the arrest of a person * * * and other forms of mesne and final, as well as original, process by which a party or his property is brought before the court and subjected to its jurisdiction." 42 Am.Jur. § 2, pages 5, 6.

"Service of process is for the purpose of notifying a defendant of the claim or charge against him so that he may properly prepare himself to answer it. It is this notice which gives the court jurisdiction to proceed." 42 Am.Jur. § 3, page 7.

"The constitutional guaranty of due process of law means notice and opportunity to be heard and to defend before a competent tribunal vested with jurisdiction of the subject matter of the cause, and it is essential therefore to the exercise of that jurisdiction, where the defendant does not enter a voluntary general appearance or otherwise waive service of process, that process issue giving notice to those whose rights and interests will be affected. In the absence of a voluntary appearance, the issuance and service of process or notice is indispensable to the jurisdiction of a court to determine the adverse claims of parties to the litigation. Until notice is given to the defendant of the action or proceedings against him, and he is given thereby opportunity to appear and be heard, the court has no jurisdiction to proceed to judgment against him even though the court may have jurisdiction of the subject matter." 42 Am.Jur. § 4, page 7.

Defendant relies upon the case of Grant v. Guernsey, supra, in which the accused obtained his release from the custody of State officials through habeas-corpus proceedings, on the ground that the Federal court was entitled to retain jurisdiction over him until he had completed a probationary term imposed by the Federal court. However, a careful reading of that case indicates that the habeas-corpus petition was filed in the same Federal court which had imposed the term of probation upon the petitioner, and the Federal court merely refused to waive its prior jurisdiction. In referring to this case, in Lu Woy Hung v. Haff, 9 Cir., 78 F.2d 836, 838, the court said: "That case (Grant v. Guernsey, 10 Cir., 63 F.2d 163) is distinguished from the case at bar because there the District Court of the United States which had prior jurisdiction over the appellee in the criminal case refused to relinquish custody of the petitioner to the state court."

It appears from Mierzanka's application that the State of Michigan has filed notice of detainer with the Federal authorities, which indicates that the State intends to take him into its custody upon his release from confinement under his present Federal sentence. From the filing of this detainer it may reasonably be inferred that the State did not question the authority of this court to enter the judgment of conviction and impose sentence upon him. Defendant has no voice in the rule of comity between State and Federal courts, and if the State of Michigan elected to waive jurisdiction, he cannot complain. Ponzi v. Fessenden, supra.

The court concludes that defendant's application does not allege facts showing that the State of Michigan had acquired prior jurisdiction over him or that his constitutional rights were violated by his conviction and sentence in this court.

For the reasons herein stated, defendant's application for writ of error *coram nobis,* which is considered as a motion to vacate judgment and sentence, is denied and an order will be entered accordingly.