**Troy Lee EAVES, Petitioner,**

v.

**James E. EDWARDS, Warden, Tennessee State Penitentiary, Respondent.**

**Civ. A. No. 2027.**

United States District Court
M. D. Tennessee, Nashville Division.

June 9, 1955.

---

Charles H. Warfield, Nashville, Tenn., for petitioner Troy Lee Eaves.

Nat Tipton, Advocate Gen. of State of Tennessee, Nashville, Tenn., for respondent James E. Edwards.

WILLIAM E. MILLER, District Judge.

The petitioner in this action applies for the writ of habeas corpus to obtain his release from the Tennessee State Prison where he is serving a sentence of three years imposed by the Criminal Court of Davidson County, Tennessee, following his conviction in that court for the offense of forgery.

Briefly summarized, the material facts, stipulated by the parties, are as follows:

The petitioner was sentenced by the District Court of the United States for the District of Colorado to a term in the United States Penitentiary at Leavenworth. The judgment imposing the sentence provided that upon the expiration of the term of imprisonment the petitioner should be placed on probation for a period of five years. The term of imprisonment having expired, the petitioner was surrendered to the sheriff of Leavenworth County, Kansas, who, in turn, surrendered him to officers of the State of Tennessee. He was brought to this state, was duly tried in the Davidson County Criminal Court for forgery, convicted, and sentenced. He is presently serving that sentence in the Tennessee State Prison.

No application was made to the Federal Court in Colorado to obtain its permission to release the petitioner from federal custody. Nor was such consent obtained from any other federal authority. However, the probation officer of the Colorado Federal Court had knowledge some time prior to April 11, 1955, that the petitioner had been sentenced by the state court and was presently serving his state sentence. No application has been made by any federal authority to obtain the petitioner's release from state custody and no protest or objection has been made by any federal authority to his trial, conviction, and sentence in the state court.

The petitioner insists that he is illegally restrained by the state authorities for the reason that without the permission of the federal court of his probation, the state criminal proceedings against him, before the expiration of his period of federal probation, were illegal and void.

In support of this contention, petitioner relies upon a number of federal cases, primarily the decision of the Circuit

Court of Appeals for the Tenth Circuit in Grant v. Guernsey, 63 F.2d 163. The decision in that case is in point and supports the petitioner's application. The Court applied the principle that state criminal proceedings instituted during the time that a prisoner is under a sentence of federal probation are void. It was also held that the objection to state jurisdiction could be raised by the prisoner himself in the state court proceedings, and, if disallowed, release from state custody could be obtained by habeas corpus proceedings in the federal court.

While the decision in Grant v. Guernsey, supra, is entitled to consideration, its authority is weakened by later decisions of the same Court which have apparently overruled it by implication. For example, in Wall v. Hudspeth, 10 Cir., 108 F.2d 865, the petitioner was on parole from a state court when he was tried by the federal authorities. He sought his release upon the ground that the state court had not exhausted its prior jurisdiction over him. The situation thus presented was the converse of that presented in this case, but nevertheless the Court, although citing Grant v. Guernsey, supra, recognized and applied the doctrine that either the federal or state government may voluntarily surrender its prisoner to the other without the consent of the prisoner, and that the question of jurisdiction and custody is purely one of comity between the two sovereigns and not a personal right of the prisoner which he can assert.

Still later decisions of the Tenth Circuit have approved the same doctrine, including Rawls v. United States, 166 F. 2d 532; Stripling v. United States, 172 F.2d 636; and Mitchell v. Boen, 194 F. 2d 405.

This view represents the overwhelming weight of authority as shown by cases cited in respondent's brief, including Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607; United States ex rel. Demarois v. Farrell, 8 Cir., 87 F. 2d 957; United States v. Schurman, D. C., 84 F.Supp. 411; United States v. Robinson, D.C., 74 F.Supp. 427; Lu Woy Hung v. Haff, 9 Cir., 78 F.2d 836; United States v. Marrin, D.C., 227 F. 314; In re Andrews, D.C., 236 F. 300; Rooney v. Hunter, D.C., 64 F.Supp. 165.

The Court has examined the other authorities cited and relied upon by the petitioner and, while they contain expressions giving some support to the rule insisted upon by the petitioner, they are readily distinguishable.

For example, Dillingham v. United States, 5 Cir., 76 F.2d 35, merely involved a question as to the terms of probation and as to whether such terms had been violated. The general pronouncement of the Court that the criminal proceedings instituted in another Court while the petitioner was under a sentence of probation in the federal court was quite unnecessary to the decision of the case. The exact ruling in United States ex rel. Speece v. Toman, D.C., 23 F.Supp. 119, was that the prior probation order of the Court should be amended to permit the petitioner's discharge from federal custody in order to serve a sentence in the state court, with the result that the issue presented here was not involved. Nor was the issue directly presented in United States v. Pendergast, D.C., 28 F.Supp. 601, the Court merely stating in a dictum that the defendants could not be prosecuted in the state court while under suspended sentence in the federal court. Such expression of opinion was not necessary as that question was not involved in the case.

Frisbie v. Collins, 342 U.S. 519, 72 S. Ct. 509, 96 L.Ed. 541, decided that a state could constitutionally try and convict a defendant although jurisdiction over him had been acquired by forcibly removing him from another state, and the issue here presented was neither discussed nor adjudicated.

Being of the opinion that the objection to the jurisdiction of the state court to try and sentence the petitioner is solely a matter of comity between the two sovereigns and is not a personal right of the petitioner, the Court finds it

unnecessary to discuss the further contention of respondent that the petitioner should be denied relief for failure to exhaust his remedies in the state courts by habeas corpus proceedings or otherwise.

An order will accordingly be submitted denying application for the writ of habeas corpus.