**Gene Alvin KRUPNICK, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16691.**

United States Court of Appeals Eighth Circuit.

Jan. 24, 1961.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Upon a conviction in the United States District Court for the Western District of Missouri, appellant was sentenced to imprisonment for a term of five years on one offense and was placed on probation for a period of five years on another, with the probation to begin at the expiration of his prison sentence.

After his period of probation had come to commence, he was taken into custody by the State of Kansas and was committed to its State Penitentiary, under a sentence which had previously been imposed upon him by the courts of that state.

In an effort to get out of the Kansas Penitentiary, appellant filed a motion in the United States District Court for the Western District of Missouri, to have the court enforce its order of probation, or alternatively to make the provision for probation "expire forthwith". The court denied the motion without a hearing.

Upon application for leave to appeal in forma pauperis, the court permitted appellant to file notice of appeal without payment of fee, but refused to allow him to proceed further on such basis, certifying that the appeal was without merit and so not taken in good faith. Appellant makes challenge here to the court's certificate and seeks leave from us so to prosecute his appeal. If his appeal is without any debatable substance, his motion should be denied.

Grant v. Guernsey, 10 Cir., 63 F.2d 163, held, by a divided court, that a state court cannot take a probationer of a federal court into custody for purposes of any criminal charge against him, without first obtaining the consent of the federal court thereto. The opinion seems

to hold that any such action not previously consented to is void.

No other Court of Appeals, however, has followed this holding.[1] United States ex rel. Pasela v. Fenno, 2 Cir., 167 F.2d 593, 595, declared that a state court is not in such a situation without jurisdiction, but the matter is merely one of comity, and that where no objection has been interposed by the federal court, there is no reason for the state court to refrain from proceeding. United States ex rel. Spellman v. Murphy, 7 Cir., 217 F.2d 247, 250, is to the same effect, adding the emphasis that the question is in any event not one which the defendant can raise. "A prisoner has no standing to choose between two sovereignties, each desiring his custody. He does not have a choice of keepers." Id., at page 251. Eaves v. Edwards, D.C.Tenn., 143 F. Supp. 229, affirmed per curiam 6 Cir., 235 F.2d 959, similarly holds.

In Strand v. Schmittroth, 9 Cir., 251 F.2d 590, 595, the court, in an en banc opinion, went further than this and held that where a federal defendant or parolee or probationer has been released from actual custody, even for temporary purposes, a state cannot at all be prevented from arresting, trying, or imprisoning him for violation of its laws.

 It is not necessary here to make a choice between the position taken in the Schmittroth case and that of the other cases cited above (excluding, of course, the Guernsey case). Under either holding, appellant has no right to complain of his Kansas incarceration or to demand relief against it. In the first place, the District Court for the Western District of Missouri has interposed no objection to the Kansas proceedings. Moreover, it refused in its order in the present case to take any steps to terminate appellant's custody. And finally, although not in a probation situation, we have expressly held, as in the cases cited above, that a defendant has no standing

to object to the order in which he may be required, as between different sovereignties, to serve any valid sentences against him. United States ex rel. Demarois v. Farrell, 8 Cir., 87 F.2d 957.

The appeal will be permitted to be docketed without payment of fee in view of the notice of appeal which is on file in the District Court, and it will thereupon be dismissed as being frivolous.

---

1. In fact, the Tenth Circuit has, in a subsequent case, Stewart v. United States, 10 Cir., 267 F.2d 378, criticized and refused to follow its Guernsey holding, although it did not in express terms declare the case overruled.