**UNITED STATES v. SCHURMAN.**

Nos. C 123-80–123-82.

United States District Court
S. D. New York.

April 27, 1949.

John F. X. McGohey, United States Attorney, New York City, and Frederick H. Block, New York City, for the United States.

John E. Schurman, pro se.

RIFKIND, District Judge.

The petitioner moves, pursuant to 28 U.S.C.A. § 2255, to vacate a sentence of a year and a day imposed upon him by this court on November 26, 1946, for violation of probation, of which sentence he served seven months before being paroled. He also seeks invalidation of a warrant, now outstanding against him, for his return to Federal custody for violation of this parole. This warrant will be served upon him, he alleges, on April 25, 1949, immediately upon his expected release from the New York City Penitentiary, where he is presently confined by New York authorities after violation of a New York parole.

A brief outline of petitioner's embroilments with the law is necessary to clarify the issues.

On May 15, 1944, in the District of Columbia, petitioner was indicted in three indictments, each of two counts, each charging him with obtaining money by false pretenses and with causing to be transported in interstate commerce a falsely made security. He had drawn and passed three checks against insufficient funds on a bank located outside the District of Columbia. At the time these indictments were filed, petitioner was at large under a sentence of probation upon conviction by a New York court on a similar offense.

In June, 1944, removal of petitioner to the District of Columbia, for trial on the indictments pending there, was denied by a United States Commissioner. Petitioner remained at large as a New York probationer.

In March, 1945, petitioner was sentenced by a New York court to an indeterminate term of three years for violation of his New York probation, and imprisoned.

On May 7, 1946, petitioner was paroled by the state authorities.

On May 28, 1946, petitioner's consent was filed to plead, in the Southern District of New York, to the District of Columbia indictments.

On May 31, 1946, petitioner pleaded guilty in this court to all counts of the indictments, and was sentenced to a prison term of 18 months, execution suspended, 22 months' probation, to run concurrently with his New York parole.

On July 31, 1946, a bench warrant was issued for petitioner's apprehension for federal probation violation.

On October 1, 1946, petitioner was convicted, in a New York court, of a New York offense and of violation of his New York parole, and again imprisoned.

On October 23, 1946, petitioner was brought here from the New York City Penitentiary by a writ of Habeas Corpus ad Prosequendum and arraigned for violation of federal probation. He refused the assistance of counsel which was proffered by the court and admitted the violation. I sentenced him to 18 months, service of sentence to begin upon release from the custody of New York.

On November 26, 1946, I vacated petitioner's sentence and imposed a sentence of one year and one day on each count of each indictment, to run concurrently and to begin upon his release from custody of the New York authorities.

On May 27, 1947, petitioner was released on parole by the New York authorities, and arrested on a bench warrant by the federal authorities to be imprisoned in the Federal Correctional Institution at Danbury, Conn., there to serve the federal sentence.

On January 19, 1948, petitioner was released, on parole, from Danbury. His New York parole was still running.

On March 20, 1948, petitioner was incarcerated by New York after conviction of a new offense, followed by a one year sentence, and both New York and federal parole violation warrants were lodged against him.

On March 20, 1949 petitioner continued to be confined by New York to serve out his term for violation of his New York parole.

On April 25, 1949 petitioner expects to be released by the New York authorities and immediately apprehended by federal authorities for federal parole violation.

The statute, 28 U.S.C.A. § 2255, does not require the appearance of the petitioner be-

fore the court. His papers are very full and present no issue of fact. No useful purpose will be served by his personal appearance.

Petitioner first claims he was deprived of his constitutional right to counsel on October 23, 1946, when I revoked his probation and sentenced him to 18 months. This claim is groundless. Petitioner is a mature, intelligent man, equipped with a university education. He did not merely waive his right to counsel; he emphatically refused to accept the assistance of counsel when it was offered by me.

■ The petitioner claims that both the sentences of 18 months and the substituted sentence of a year and a day were excessive and illegal because one count in each indictment was for an offense against the local law of the District of Columbia for which the statutory penalty is one year. Assuming this to be the case, it matters not, for each of the other counts to which he pleaded guilty charged violations of 18 U.S.C.A. § 415, now 18 U.S.C.A. § 2314, the maximum sentence for violation of which is 10 years. He also claims that the sentences I imposed for probation violation were greater than that originally imposed, execution of which had been suspended. It is his theory that the original sentence was three months on each of six counts, to run consecutively, rather than 18 months on each count to run concurrently. This is not true. The sentence originally imposed was 18 months on each count, to run concurrently, as is evidenced by the judgments.

■ Petitioner claims that I lacked the power to sentence him on October 23, 1946, and November 26, 1946, because he was then subject to the exclusive jurisdiction of the New York authorities, being imprisoned by them. Trial and sentence by a federal court of a state prisoner, brought before a federal court by a writ of Habeas Corpus ad Prosequendum, is standard operating procedure, the propriety of which is not open to question by the prisoner. Lunsford v. Hudspeth, 10 Cir., 1942, 126 F.2d 653. Cf. Ponzi v. Fessenden, 1922, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879.

Even where it does not appear in what manner federal custody of the prisoner was obtained, a voluntary surrender by the state and a lawful taking will be implied. Vanover v. Cox, 8 Cir., 1943, 136 F.2d 442; Wall v. Hudspeth 10 Cir., 1940, 108 F.2d 865.

Whether the federal sentence could thereupon be executed without first awaiting the completion of the prisoner's confinement by state authority is not here involved. Compare Lunsford v. Hudspeth, supra, with Stamphill v. Johnston, 9 Cir., 1943, 136 F.2d 291; cf. 18 U.S.C.A. § 3568; Rohr v. Hudspeth, 10 Cir., 1939, 105 F.2d 747. Here the sentence was directed to commence to run upon petitioner's release from state custody.

■ Finally, petitioner appears to contend that upon his original federal conviction on May 31, 1946, the court lacked power to try him because he was then a state parolee, and lacked power to sentence him or to admit him to probation for 22 months concurrently with his New York parole. Apparently, petitioner asserts that one on parole or probation is in the constructive custody of the paroling or probationing authority, and that one cannot be in the control of two sovereign authorities at the same time. Cf. Grant v. Guernsey, 10 Cir., 1933, 63 F.2d 163, certiorari denied, 1933, 289 U.S. 744, 53 S.Ct. 688, 77 L.Ed. 1491.

Accepting that premise, it might follow that petitioner's violation of federal probation was the violation of a void judgment and no offense, that his conviction and sentence for such violation was void and should be vacated, and that the petitioner will not have to complete service of that sentence upon his prospective release from New York custody. The first leg of petitioner's argument, that the court lacked power to try him while he was a New York parolee, rests on the conceptualistic notion that such a trial would invade the constructive custody of the New York authorities. The same argument has been rejected where the state's custody is actual and not

constructive. State prisoners, actually confined in a state jail, have been tried in federal courts. Lunsford v. Hudspeth, Wall v. Hudspeth, supra, Cf. Ponzi v. Fessenden, supra.

Conceptualism is satisfied in that situation by finding an implied consent on the part of the state authorities to the limitation, suspension or cessation of their custody as the circumstances indicate. Zerbst v. McPike, 5 Cir., 1938, 97 F.2d 253.

Where the defendant is a state prisoner, consent is found in his physical surrender to federal authorities. Where the defendant is a state parolee, consent must be found in the state's granting the parole, and in its failure to object to federal custody. To hold otherwise would be to create an intolerable and most dangerous situation whereunder the considerable number of state parolees would be at large but immune to federal prosecution and punishment for the violation of federal law. Federal-state comity would not be furthered by such practice. Moreover the same reasoning would also clothe federal parolees with immunity against state prosecution for the vastly greater number of offenses known to state law. No such incredible purposes were intended to be served by the humane provisions of the probation and parole statutes. Once we accept the conclusion that a federal court may incarcerate a state parolee, a fortiori it should be able to admit him to probation. Grant v. Guernsey, supra, is inconsistent with these views; I must respectfully differ.

Although the Government urged that petitioner's motion under 28 U.S.C.A. § 2255 was premature, in that he was not yet a prisoner in custody under sentence of a court of the United States, I felt that the interests of justice would not be served by delaying decision of his motion until after April 25, 1949, when he is expected to become such a prisoner, especially since he asserted that the sentence I imposed was illegal, and "The court may correct an illegal sentence at any time". Federal Rules of Criminal Procedure, rule 35, 18 U.S.C.A. Motion denied.