ENRIQUE RAMOS ROSA, demandante y apelante, *v.* VÍCTOR
MALDONADO VÁZQUEZ, ALCAIDE CÁRCEL REGIONAL DE
BAYAMÓN, demandado y apelado.

*Número:* AC-88-695       *Resuelto:* 20 de junio de 1989

*Marta S. Arvelo López*, abogada del apelante; la parte apelada no compareció.

EL JUEZ ASOCIADO SEÑOR ALONSO ALONSO emitió la opinión del Tribunal.

Se recurre de la resolución dictada el 26 de octubre de 1988 por el Tribunal Superior, Sala de San Juan, que deniega una petición de hábeas corpus mediante la cual el apelante, Enrique Ramos Rosa, impugnaba la legalidad de su detención en una prisión en Puerto Rico.

El apelante fue sentenciado por el Tribunal de Distrito Federal para el Distrito de Puerto Rico el 13 de abril de 1984 por haber violado varias disposiciones penales federales. Luego de que se dictara sentencia en su contra, el Tribunal federal ordenó su traslado a una prisión federal ubicada en el estado de Nueva York.

Mientras el apelante estaba detenido en dicha prisión, el Tribunal Superior, Sala de San Juan, expidió un auto de *habeas corpus ad testificandum* el 20 de noviembre de 1987, en el cual se solicitaba la comparecencia del apelante a la jurisdicción local como testigo en el caso criminal seguido contra Julio César Andrades (*Pueblo v. Julio César Andrades*, Criminal Núm. G-87-644).

Las autoridades federales autorizaron el traslado del apelante a Puerto Rico y éste llegó el 2 de diciembre de 1987. El apelante fue encarcelado inmediatamente en la Cárcel Regional de Bayamón. Mientras estaba allí, el Ministerio Público presentó varios cargos en su contra, el 24 marzo de 1988, imputándole la comisión de los delitos de asesinato en primer grado y secuestro.

El 8 de abril de 1988 el Hon. Juez Fernando Grajales expidió el auto de *habeas corpus ad prosequendum,* en el que instruía al Secretario de Justicia de Estados Unidos y a cualquier agente federal a que condujeran al apelante ante el Tribunal de Distrito de Puerto Rico con el propósito de enfrentarse a cargos criminales presentados en nuestra jurisdicción.

El 26 de agosto de 1988 el peticionario presentó una petición de hábeas corpus ante el Tribunal Superior. En la misma planteó que el tribunal de instancia había expedido el auto de *habeas corpus ad prosequendum,* contrario a los procedimientos establecidos por la legislación federal.

El tribunal señaló vista para el 12 de septiembre de 1988 y, luego de recibir la documentación y la posición de las partes, declaró sin lugar el recurso.

No conforme, el apelante presentó ante nos un escrito de apelación el 28 de noviembre de 1988. En el mismo hace constar los señalamientos de error siguientes:

*Primer Error:*

Erró el Tribunal Superior, Sala de San Juan, al determinar que en Puerto Rico existe el Hábeas Corpus Ad Prosequendum en virtud de la Sección 48 de la Carta Orgánica de 1917.

*Segundo Error:*

Erró el Tribunal al resolver que al apelante no se le violaron sus derechos constitucionales bajo las cláusulas del debido proceso de ley y la igual protección de las leyes garantizado por la Constitución Norteamericana y Puertorriqueña.

*Tercer Error:*

Erró al determinar que el apelante no tiene "standing" para impugnar la ilegalidad de su detención.

*Cuarto Error:*

Erró el Tribunal al determinar que los planteamientos del apelante son similares a los del caso número HC-88-56 instado por el *Sr. [Á]ngel Luis Torres López v. Víctor Maldonado Vázquez,* alcaide Cárcel Regional de Bayamón. (Énfasis suplido.) Alegato del apelante, págs. 3–4.

Por estar los errores señalados íntimamente relacionados, procedemos a discutirlos en forma conjunta.

## I

■ El recurso de *habeas corpus ad testificandum* es el mecanismo a utilizarse para traer un prisionero a un tribunal

cuando la prestación de su testimonio sea necesaria. *Ex Parte Bollman*, 8 U.S. 74 (1807); *Gilmore v. United States*, 129 F.2d 199 (10mo Cir. 1942). También se utiliza cuando una parte interesa la comparecencia de un prisionero a un juicio criminal para que testifique a su favor. *U.S. v. Hayman*, 342 U.S. 205 (1951); S.P. Amadeo, *El hábeas corpus en Puerto Rico (1899–1948)*, 11 Rev. C. Abo. P.R. 311 (1948); 39 *Am Jur. 2d Hábeas Corpus* Sec. 2, pág. 180; 65 A.L.R. Fed. 321.

■ El *habeas corpus ad prosequendum*, por otra parte, constituye el remedio adecuado para traer a la jurisdicción de un tribunal a un acusado que se encuentra cumpliendo una sentencia en una prisión de otra jurisdicción para así procesarlo. *Rose v. United States*, 365 F. Supp. 841 (D. Ill. 1973); *United States v. Schurman*, 84 F. Supp. 411 (D. N.Y. 1949); *State v. Heisler*, 390 P.2d 846 (Ariz. 1964); J. Morales, *Facultad de una corte para emitir un habeas corpus ad testificandum para traer o declarar a un confinado federal*, Año 2 (Núm. 3) Factum 3 (1988).

En el caso de autos se utilizó inicialmente el *habeas corpus ad testificandum* y posteriormente el *habeas corpus ad prosequendum*, acciones que cuestiona el apelante aduciendo que los mismos no proceden en nuestra jurisdicción por razón de que no existe ninguna disposición estatutaria que así los reconozca expresamente.

## II

■ El auto de hábeas corpus es un recurso extraordinario, de naturaleza civil, mediante el cual una persona que está privada ilegalmente de su libertad solicita de la autoridad judicial competente que investigue las causas de su detención. D. Nevares-Muñiz, *Sumario de derecho procesal penal puertorriqueño*, 2da ed. rev., Hato Rey, Ed. Inst. Desarrollo del Derecho, 1981, pág. 170. El mismo está garantizado en su más amplia dimensión por nuestra Constitución

(Art. II, Sec. 13, Const. E.L.A., L.P.R.A., Tomo 1) y reglamentado por el Código de Enjuiciamiento Criminal, 34 L.P.R.A. secs. 1741–1780.

■ El Art. 48 de la Ley de Relaciones Federales con Puerto Rico, L.P.R.A., Tomo 1, Sec. 48, ed. 1982, pág. 244, también dispone, en lo pertinente, que:

> El Tribunal Supremo y las Cortes de Distrito de Puerto Rico y los respectivos Jueces de los mismos podrán conceder autos de hábeas corpus *en todos los casos en que dichos autos puedan concederse* por los Jueces de las Cortes de Distrito de los Estados Unidos, y las Cortes de Distrito podrán conceder autos de *mandamus* en todos los casos oportunos. (Énfasis suplido.)

Como puede observarse, dicho estatuto autoriza a este Tribunal y a los tribunales de primera instancia a conceder el recurso de hábeas corpus en todos los casos en que el mismo pueda otorgarse por una Corte de Distrito federal.

■ Es claro que las Cortes de Distrito de Estados Unidos tienen autoridad expresa en ley para emitir los autos de hábeas corpus. 28 U.S.C. sec. 2241. Dentro de esa facultad está comprendida la de expedir tanto el auto de *habeas corpus ad testificandum* como el de *habeas corpus ad prosequendum. United States v. McGaha*, 205 F. Supp. 949 (D. Tenn. 1962); *Gilmore v. United States*, supra; *Rose v. United States*, supra. Por ello nuestros tribunales, amparándose en lo dispuesto en nuestra Constitución y por el Art. 48 de la Ley de Relaciones Federales con Puerto Rico, *supra*, pueden expedir tanto los autos de hábeas corpus *ad prosequendum* como los *ad testificandum.*

Sostiene el apelante que el Ministerio Público no presentó la petición de *habeas corpus ad prosequendum* como paso previo a la presentación de los cargos criminales que pesan contra él, y que ello constituye una violación a las disposiciones contenidas en el *Interstate Agreement on Detain-*

*ers Act*, 18 U.S.C. App. 2. A la luz de esta alegación, plantea la ilegalidad de su detención. No le asiste la razón.

■ El apelante pierde de vista que el *Interstate Agreement on Detainers Act* no aplica a Puerto Rico, pues el Estado Libre Asociado de Puerto Rico no ha suscrito el acuerdo o *agreement* ni ha aprobado tampoco legislación a los efectos de adoptar el *Interstate Agreement on Detainers Act.*[1]

El propio texto de esta ley federal establece, en su Art. VIII, que los estados, el Gobierno federal, el Distrito de Columbia, Puerto Rico y los territorios pueden acogerse al acuerdo si aprueban una ley a esos efectos. Puerto Rico, como ya señaláramos, no lo ha hecho.

Estamos ante la situación de una legislación especial en la que el propio Congreso de Estados Unidos delega, en las distintas jurisdicciones, la posibilidad de su aplicabilidad. Ante esta circunstancia, no incidió el tribunal de instancia al resolver que procedía la presentación de los cargos criminales contra el peticionario sin que se hubiera cumplido con lo dispuesto en la ley federal.

El apelante también plantea que el Estado le ha violado sus derechos constitucionales al haberlo traído a esta jurisdicción, mediante la expedición de un *habeas corpus ad testificandum*, para luego presentarle cargos criminales en su contra.

De la prueba desfilada en la vista de 12 de septiembre de 1988 surge que el acusado fue traído a Puerto Rico para la

---

[1] Hasta el presente los siguientes estados han adoptado legislación al suscribir el *Interstate Agreement on Detainers Act*: Alabama, Alaska, Arkansas, Arizona, California, Colorado, Connecticut, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Maine, Maryland, Michigan, Minnesota, Missouri, Montana, North Carolina, North Dakota, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, Vermont, Washington, Wisconsin, West Virgina, Wyoming y el Distrito de Columbia. *Shepard's Acts and Cases by Popular Names*, 3ra ed., Colorado, McGrau-Hill, 1986, Parte 1, págs. 597–598.

discusión de unos asuntos relacionados con las declaraciones que éste prestaría en un caso criminal. Mientras la prestación de las declaraciones se mantenía pendiente y el acusado continuaba bajo la autoridad de la jurisdicción federal, el Pueblo de Puerto Rico le presentó varios cargos criminales por violación a las disposiciones penales locales.

En *Pueblo v. Castro García*, 120 D.P.R. 740 (1988), sostuvimos que Puerto Rico tiene la facultad para aprobar y para hacer cumplir sus estatutos penales. Por ello tiene la jurisdicción para aplicar sus leyes penales a todas aquellas personas que cometen delitos dentro de su extensión territorial. D. Nevares-Muñiz, *Derecho Penal Puertorriqueño: Parte General*, Hato Rey, Ed. Inst. Desarrollo del Derecho, 1983, Sec. 4.2.3., pág. 71. Como el acusado de autos se encontraba bajo la custodia de las autoridades federales, el mecanismo procesal disponible para que se le pudiera procesar en la jurisdicción local era el *habeas corpus ad prosequendum.*

Contrario a lo que afirma el peticionario, al Puerto Rico haber utilizado este vehículo procesal no le violó ningún derecho constitucional. Conforme a la doctrina imperante, la jurisdicción local tiene la facultad para solicitarle a las autoridades federales el traslado de un prisionero federal que ha cometido un delito local, para así poderlo juzgar en los tribunales locales. *Ponzi v. Fessenden*, 258 U.S. 254 (1922); 22 A.L.R. 879 (1922). El que el peticionario de autos ya estuviera en una institución penal local —aunque bajo la custodia federal— no altera esta norma y no opera como un obstáculo para la utilización del auto de *habeas corpus ad prosequendum* dentro del contexto en que el mismo se utilizó.

En *Ponzi v. Fessenden*, supra, el Tribunal Supremo de Estados Unidos sostuvo que cuando un estado interesa procesar judicialmente a un acusado que ha cometido un delito en su jurisdicción —pero que se encuentra cumpliendo

una sentencia federal en prisión— puede solicitarle al Procurador General de Estados Unidos, como cuestión de cortesía (*comity*), que lo traslade al tribunal estatal para poderlo procesar. En dicho caso, el Tribunal advirtió que la alegación de que un prisionero federal no podía ser trasladado al foro estatal, por estar sometido a la autoridad de la jurisdicción federal, era improcedente y que, de ser adoptada, conllevaría una obstrucción a la justicia.

En esa dirección, por ejemplo, se ha señalado que cuando las autoridades estatales dejan de tomar las medidas necesarias para que el traslado del acusado se materialice, están impidiendo con ello que a éste se le pueda celebrar un juicio rápido por las acusaciones locales. *Barker v. Municipal Court of Salinas Jud. Dist.*, 415 P.2d 809 (Cal. 1966).

En los autos consta que el tribunal de instancia expidió correctamente el auto de *habeas corpus ad prosequendum*, mediante el cual el apelante podría comparecer ante el foro local y defenderse de los delitos que se le imputaban. Dicha acción, contrario a lo que el apelante sugiere, no le priva de ningún derecho constitucional. Ello es así, pues una vez que el Estado le presenta acusaciones a un acusado en el foro local, le cobijan las garantías y los derechos que asisten a todo acusado bajo nuestro ordenamiento penal.

De otra parte, la jurisprudencia ha sostenido que cuando un acusado es trasladado de una jurisdicción a otra mediante la expedición del auto de *habeas corpus ad prosequendum*, éste no puede cuestionar la acción del traslado. *Derengowski v. U.S. Marshall, Minneapolis Office, Minn. Div.*, 377 F.2d 223 (8vo Cir. 1967); *United States v. Schurman*, supra. En ese sentido ha indicado también que dicha acción no constituye una violación de los derechos constitucionales del acusado. *Rose v. United States*, supra.

Por los fundamentos antes expuestos, *se dictará sentencia que confirme la resolución recurrida y que devuelva el caso para la continuación de los procedimientos compatibles con lo aquí expuesto.*

El Juez Asociado Señor Negrón García concurre con el resultado sin opinión escrita. El Juez Presidente Señor Pons Núñez y el Juez Asociado Señor Rebollo López no intervinieron.