STADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br><br>v.<br><br><br>**FRANCISCO CANALES**<br><br>Peticionario | **KLCE202400434** | ***CERTIORARI***<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Utuado**<br><br><br>Civil Núm.:<br>**L OP2013G0012**<br><br>Sobre:<br><br>**Eliminación de Reincidencia Agravada Art. 243 CP y Otros Habeas Corpus** |

Panel integrado por su presidenta la jueza Domínguez Irizarry, la jueza Grana Martínez y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 10 de mayo de 2024.

Comparece ante nos, Francisco Canales, en adelante, Canales o peticionario, mediante un recurso de Habeas Corpus. En su escrito, Canales impugna la sentencia que está sirviendo desde el año 2013, y solicita nuestra revisión.

Por los fundamentos que expondremos a continuación, *ordenamos el traslado de este recurso al foro de origen.*

### I.

Según las denuncias del caso de epígrafe, Canales y otros acusados, conspiraron entre sí para cometer el delito de Robo en una oficina médica en el Municipio de Arecibo, el día 7 de mayo de 2013. El 24 de marzo de 2014, el Tribunal de Primera Instancia, Sala de Arecibo, en adelante, TPI-Arecibo, dictó sentencia contra Canales, y le impuso una pena de cuatro (4) años y seis (6) meses, por el delito de Conspiración. Registra el expediente que fue procesado y sentenciado bajo el Artículo 243 de Código Penal de

Número Identificador
RES2024_____

Puerto Rico, Ley Núm. 146-2012, 33 LPRA sec. 5333.[1] Además, se le aplicó a la sentencia reincidencia agravada.

Diez (10) años más tarde, el 12 de abril de 2024, el peticionario presentó un recurso de Habeas Corpus ante esta Curia. En el mismo, Canales arguye que el magistrado que atendió su caso se opuso indebidamente al preacuerdo que alegadamente existía entre él y el Ministerio Público. También, hace unos señalamientos sobre conflicto de intereses entre la juez del TPI-Arecibo que vio el juicio, y la víctima del caso. Además, alega que el caso fue trasladado de Sala, a instancia de la juez en cuestión, quien, según el peticionario, tenía intenciones antijurídicas para ello.

**II.**

El auto de hábeas corpus es un recurso extraordinario de naturaleza civil, mediante el cual una persona detenida ilegalmente, solicita de la autoridad judicial competente su libertad. *Pueblo v. Díaz, Rivera*, 204 DPR 472, 485 (2020); *Quiles v. Del Valle*, 167 DPR 458, 466 (2006); *Ramos Rosa v. Maldonado Vázquez*, 123 DPR 885, 889 (1989). Este recurso es uno de carácter constitucional, pues está reconocido y establecido en nuestra Carta Magna. Art. II, Sec. 13, LPRA, Tomo 1, ed. 2008.

Por ser un remedio extraordinario, su uso debe estar limitado a situaciones excepcionales donde se hayan agotado todos los remedios ordinarios disponibles antes de recurrir a este recurso. *Pueblo v. Díaz Alicea,* supra, pág. 485; *Quiles v. Del Valle*, supra, pág. 467; *Ortiz v. Alcaide Penitencia Estatal*, 131 DPR 849, 861 (1992).

La solicitud de hábeas corpus tiene que cumplir con las formalidades establecidas por ley. La misma deberá especificar que la persona a cuyo favor se solicita el auto está encarcelada y privada

---

[1] Hacemos constar que, en el recurso y los documentos que obran en el expediente, registran el delito cometido como el Artículo 243 del Código Penal de Puerto Rico, supra. Sin embargo, es el Artículo 244 del Código Penal, supra, sec. 5334, el que responde al delito de Conspiración.

de su libertad, el funcionario o persona que le privó de la libertad y el sitio o lugar en donde se encuentra. Cuando se plantea la ilegalidad de la encarcelación es necesario expresar las razones en las que se fundamenta la pretendida ilegalidad. Además, la solicitud ha de ser jurada por la persona que la haga. Artículo 470 del Código de Enjuiciamiento Criminal, 34 LPRA sec. 1742.

Las Reglas 54 y 55 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 54 y 55, atienden los aspectos de forma y tramitación de los recursos de *hábeas corpus* y mandamus. La Regla 54 dispone que ambos recursos se regirán por la reglamentación procesal civil, por las leyes especiales pertinentes y por el Reglamento del Tribunal de Apelaciones. La Regla 55 del Reglamento del Tribunal de Apelaciones, supra, dispone lo siguiente:

> Regla 55 - Contenido del escrito de hábeas corpus o *mandamus* tramitación del recurso
>
> (A) Cualquier petición para que el Tribunal expida un recurso de *hábeas corpus* o mandamus contendrá numeradas, en el orden que aquí se dispone, las partes siguientes:
>
> > (1) Las citas de las disposiciones legales que establecen la jurisdicción del Tribunal y la Región Judicial a la que corresponde el recurso de conformidad con la ley y el inciso (G) de esta regla.
> >
> > (2) Un breve resumen de los hechos.
> >
> > (3) Un señalamiento breve y conciso de las controversias de derecho planteadas en la petición, de las disposiciones de la ley y de la jurisprudencia aplicables.
> >
> > (4) Un argumento de las controversias planteadas.
> >
> > (5) La súplica.
>
> [...]
>
> **(I) En todo caso en que el Tribunal de Apelaciones considere que no se justifica el ejercicio de su jurisdicción, ordenará el traslado a la Sala del Tribunal de Primera Instancia que corresponda. Tal orden no se considerará en forma alguna una adjudicación en los méritos.**
>
> [...]

**III.**

El peticionario recurre ante este Tribunal mediante el recurso extraordinario del Habeas Corpus, arguyendo que se encuentra detenido hace diez (10) años, producto de un procedimiento criminal viciado. Luego de evaluar detenidamente su petitorio, y los documentos que obran en autos, justipreciamos que no se justifica nuestra intervención.

Acorde con el derecho vigente antes citado, y conforme a lo dispuesto en la Regla 55, inciso (I), de nuestro Reglamento, supra, justipreciamos que el ejercicio de nuestra jurisdicción en el caso de epígrafe no se justifica. Es por esto, que nos abstendremos de entrar en los méritos. Somos del criterio que corresponde al Foro Primario atender esta petición, por lo que procede referir la misma.

**IV.**

Por los fundamentos antes expuestos, *se ordena el traslado de la petición ante nos, al Tribunal de Primera Instancia, Sala de Arecibo, y se ordena el desglose.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.  La Jueza Grana Martínez disiente, pues hubiese denegado el recurso.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones